IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL.; AND MICHAEL PAUL, | § § § | |
| *Plaintiffs,* | § § | SA-23-CV-01233-OLG |
| vs. | § § | |
| GREG ABBOTT, TEXAS GOVERNOR; AND KEN PAXTON, TEXAS ATTORNEY GENERAL; | § § § | |
| *Defendants.* | § § § | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Orlando L. Garcia:**

This report and recommendation and order concerns Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this recommendation and order pursuant to 28 U.S.C. § 636(b)(1). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, but recommend Plaintiff's proposed Complaint be dismissed pursuant to 28 U.S.C. § 1915(e).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff does not have sufficient monthly resources available to pay the filing fee.  The Court will therefore grant Plaintiff's Motion to Proceed IFP.

## II.  Section 1915(e) Review

Pursuant to 28 U.S.C. § 1915(e), this Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]  *See* 28 U.S.C. § 1915(e)(2)(B).  This Court is "vested with especially broad discretion" in making the determination of whether an IFP proceeding is frivolous or fails to state a claim.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).  For the reasons that follow, the undersigned will recommend dismissal of Plaintiff's proposed Complaint under Section 1915(e).

Plaintiff Michael Paul has filed a proposed Complaint, which purports to bring a cause of action on behalf of the United States of America pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.*, against Texas Governor Greg Abbott and Texas Attorney General Ken Paxton. Plaintiff alleges that Defendants made false statements and false claims related to Social Security family benefits payments issued for the benefit of Ezra Navada Paul, Plaintiff's daughter, based on Plaintiff's disability.  Based on the allegations in Plaintiff's proposed Complaint, it appears

---

[1] The administrative fee, which is currently $52, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

[2] 28 U.S.C. § 1915(e) does not mandate frivolousness review before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP.  However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

that Ms. Paul was placed in foster care in the custody of the State of Texas from 2003 to 2005, when she was adopted by her foster guardian.  Plaintiff contends that Defendants unlawfully collected Ms. Paul's monthly family benefit payments from the time she was placed in foster care in 2003 until she reached the age of 18 in 2019 and that Ms. Paul never personally received these funds.  Because these benefits were disability benefit payments based on Plaintiff's disability, Plaintiff believes he—not the State—should have received the monthly payments for the 31 months while Plaintiff was in the foster care system because he was still responsible for her financial welfare at that time.

Plaintiff's Complaint, construed liberally, fails to plead a plausible cause of action under the False Claims Act. The False Claims Act imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval.  31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government.  31 U.S.C. § 3730(a), (b)(1); *see U.S. ex rel. Eisenstein v. City of N.Y., N.Y.*, 556 U.S. 928, 932 (2009).  A cause of action under the False Claims Act consists of four elements: (1) a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter; (3) that was material; and (4) that caused the government to pay out money or to forfeit moneys due (i.e., that involved a claim).  *U.S. ex rel. Longhi v. United States*, 575 F.3d 458, 467 (5th Cir. 2009) (citation omitted).

The theory of Plaintiff's case does not fall under the False Claims Act.  Plaintiff's case concerns what the Social Security Administration refers to as "child's insurance benefits" provided to the minor child of an individual entitled to disability insurance benefits.  42 U.S.C. §

402(d).  Plaintiff appears to allege that the State of Texas, through its agencies (which are managed by Defendants), was the assigned payee of Ms. Paul's child's insurance benefits. Plaintiff does not allege that Defendants presented a false claim to the Social Security Administration or used or caused false statements of another to get false or fraudulent claims paid.  *See* 31 U.S.C. § 3729(a)(1).  Rather, Plaintiff alleges that Defendants received benefits to which Ms. Paul was in fact entitled but either (a) improperly transferred these benefits to Ms. Paul's foster parents when they should have been paid to Plaintiff or (b) properly transferred those benefits to Ms. Paul's foster parents, who allegedly misused those funds by not using them for Ms. Paul's benefit.  Neither of these theories presents a plausible claim under the False Claims Act.

Moreover, even if Plaintiff had pleaded a plausible claim under the False Claims Act, numerous Circuit Courts of Appeals have held that Plaintiff, as a *pro se* party, cannot proceed as a relator in a *qui tam* action on behalf of the United States.  *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) ("[G]iven our precedent regarding *pro se* representation and the consensus amongst all circuits to have squarely considered the issue, we readily conclude that Appellant cannot bring a pro se FCA qui tam action."); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator (as the *qui tam* plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer . . . . A nonlawyer can't handle a case on behalf of anyone except himself." (citations omitted)); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93–94 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*."); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam) (holding a plaintiff may not bring a *qui tam* FCA action as a *pro se* relator).

The Fifth Circuit has not yet considered this precise issue.  However, a number of federal district courts in Texas have also concluded that the False Claims Act does not confer a right to a relator to proceed *pro se* in a *qui tam* action.  *Sealed v. Sealed*, No. 6:22-CV-00438-JCB, 2023 WL 6167150, at *3 (E.D. Tex. July 25, 2023), *report and recommendation adopted sub nom. Brown v. Alixa-RX*, No. 6:22-CV-00438, 2023 WL 6162745 (E.D. Tex. Sept. 21, 2023); *Nuttall v. Dallas Indep. Sch. Dist.*, No. 3:20-CV-3342-M-BK, 2022 WL 3582777, at *2 (N.D. Tex. June 3, 2022) (same); *Doe v. Yackulic*, No. 4:18-cv-84, 2019 WL 1301998, at *5 (E.D. Tex. Feb. 19, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 1299364 (E.D. Tex. Mar. 21, 2019).  The reasoning of all of these cases stems from the statutory framework of the False Claims Act, in which the real party of interest is not the relator but the government.  *See U.S. ex rel. Milam v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 961 F.2d 46, 50 (4th Cir. 1992) ("[T]he United States is the real party in interest in any False Claims Act suit, even where it permits a *qui tam* relator to pursue the action on its behalf.").  There is no right conferred on the relator to conduct a *qui tam* action on the relator's "own" behalf; only one licensed to practice law may conduct proceedings in court for anyone other than himself.  *Sealed*, 2023 WL 6167150, at *3 (citing *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951)).  The reasoning of these cases is persuasive, and the Court should hold that Plaintiff may not pursue a claim under the False Claims Act on behalf of the United States as a *pro se* party.

In summary, because Plaintiff's proposed Complaint does not present a plausible claim under the False Claims Act, and Plaintiff, as a *pro se* party, may not represent the United States' interests in a *qui tam* action, the District Court should dismiss Plaintiff's Complaint pursuant to Section 1915(e) for failure to state a claim.

### III.  Conclusion and Recommendation

Having considered Plaintiff's Complaint under the standards set forth in 28 U.S.C. §1915(e), the undersigned hereby **GRANTS** Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] but **RECOMMENDS** that Plaintiff's claims be **DISMISSED** for failure to state a claim pursuant to Section 1915(e).

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Objections are limited to no more than 20 pages unless leave of court is granted.  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal

6

conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 24th day of October, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

7