FILED
December 06, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Tyler Martin
     DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL.; and MICHAEL PAUL, | § § § | |
| Plaintiffs, | § § | CIVIL NO. SA-23-CV-01233-OLG |
| v. | § § § | |
| GREG ABBOTT, TEXAS GOVERNOR; and KEN PAXTON, TEXAS ATTORNEY GENERAL, | § § § § | |
| Defendants. | § | |

## ORDER ON REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation (R&R), filed October 24, 2023, concerning Plaintiff's proposed Complaint under the False Claims Act, 31 U.S.C. § 3729, *et seq.*, filed in connection with his motion to proceed *in forma pauperis* (IFP). (*See* R&R, Dkt. No. 3.)

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen days. FED. R. CIV. P. 72(b)(2). When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the Magistrate Judge's findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

As an initial matter, Plaintiff's equal protection argument, raised for the first time in his objections to the R&R, is not properly before the Court. *See Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) ("[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."); *Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (finding no abuse of discretion in the implicit denial of an equal protection claim raised for the first time in objections to a Magistrate Judge's report and recommendation) (citing *Finley*, 243 F.3d at 219 n.3). Although the district court may construe a novel issue presented by a pro se plaintiff in an objection to an R&R as a motion to amend the complaint, *Welsh v. Lamb Cnty.*, No. 22-10124, 2023 WL 3918995, at *2 (5th Cir. June 9, 2023), the Court need not do so here. This is a qui tam action brought on behalf of the United States. Plaintiff's equal protection argument concerns this Division's Standing Order referring any case in which an IFP application is filed to a Magistrate Judge for disposition of the application and for a recommendation if it appears from the proposed complaint that dismissal under 28 U.S.C. § 1915(e)(2) is warranted.[1] As Plaintiff is not the real party in interest in this case under the False Claims Act, the Court will not address leave to amend on this issue.

Furthermore, the Court agrees with the Magistrate Judge's reasoning that Plaintiff, as a pro se litigant, may not conduct proceedings on behalf of the government. An individual has the right to represent himself in federal court, *see* 28 U.S.C. § 1654, but an individual who does not have a law license may not represent other parties or conduct proceedings in court on behalf of anyone other than himself. *E.g.*, *In re K.M.A.*, 652 F.2d 398, 399 (5th Cir. 1981) (holding that non-attorney sole stockholder of corporation could not proceed pro se on behalf of the corporation); *Weber v.*

---

[1] *See* W.D. Tex. Standing Order Regarding Court Docket Management of Cases Involving Applications to Proceed in Forma Pauperis for the San Antonio Division (effective Oct. 8, 2019), available at Standing-Order-Regarding-Court-Docket-Management-of-Cases-Involving-Applications-to-Proceed-In-Forma-Pauperis-for-the-San-Antonio-Division-100819.pdf (uscourts.gov).

*Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (lay person could not file a petition for habeas corpus relief of behalf of others); *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (stating "the requirement that only licensed lawyers may represent others in court"). As discussed in the R&R, claims brought under the False Claims Act belong to the government. For that reason, an unlicensed individual proceeding on his own behalf may not prosecute a qui tam action on behalf of the United States.

The Court, having reviewed the R&R de novo, agrees with the Magistrate Judge's findings and recommendation. Accordingly, the Court **ACCEPTS** the Magistrate Judge's R&R (Dkt. No. 3) and, for the reasons set forth therein, the claims in Plaintiff's proposed Complaint (Dkt. No. 1-1) are **DISMISSED**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this ___6___ day of December, 2023.

_____
ORLANDO L. GARCIA
United States District Judge